Nathan G. (Ted) Allen, Petitioner-Plaintiff-Appellee, v. I. D. Tate, Respondent-Defendant-Appellant.

Gen. No. 69–122.

Fifth District.

July 27, 1970.

Robert S. Hill, of Benton, for appellant.

Ralph W. Choisser, of Eldorado, and Deneen A. Watson, of Harrisburg, for appellee.

GOLDENHERSH, J.

Defendant, I. D. Tate, appeals from the judgment of the Circuit Court of Saline County entered in plaintiff's action to contest defendant's election to the office of Supervisor of the Town of Galatia.

The record shows that plaintiff and defendant were the only candidates for the office of Supervisor in the Town Election held on April 1, 1969. The official canvass showed each candidate to have received the same number of votes, in accordance with the provisions of chapter 139, § 70, Ill Rev Stats 1967, the tie was decided by "lot," and defendant was certified as elected.

On April 15, 1969, as authorized in chapter 139, § 69a, Ill Rev Stats, a discovery count was held. On April 23, 1969, the petition for contest of the election was filed.

The record shows, and it is not disputed, that Max Cockrum was Town Clerk on April 1, 1969, and James Richey became Town Clerk on April 20, 1969. Attached to the petition is "Proof of Service of Custodian of the Ballots," which reflects that on April 23, 1969, a copy of the Petition was mailed to "Max Cockrum, Town Clerk of the Town of Galatia, Illinois."

The trial court record shows defendant's motion to dismiss was denied, defendant answered, the court heard testimony, entered judgment and this appeal followed.

Able counsel have filed comprehensive briefs covering a number of contentions, but in our view of the case, only one issue need be discussed.

Defendant contends in this court, as he did in his motion to dismiss and as a "Defense" raised in his answer, that the trial court erred in refusing to dismiss the petition on the ground of plaintiff's failure to comply with the provisions of chapter 46, § 23–20, Ill Rev Stats which provides:

"The person desiring to contest such election shall, within thirty (30) days after the person whose election is contested is declared elected, file with the clerk of the proper court a petition, in writing, setting forth the points on which he will contest the election, which petition shall be verified by affidavit in the same manner as complaints in other civil cases may be verified. Copies of such petition shall be delivered by mail to each proper clerk or board of election commissioners who is a custodian of any ballots involved in the contest."

in that no notice was given James Richey, Town Clerk at the time the petition was filed.

Plaintiff contends that section 23–20 must be construed in the light of the provisions of chapter 46, § 17–20, which inter alia provides:

"The precinct judges of election shall elect 2 judges (one from each of the major political parties), who shall immediately return the ballots, in such sealed canvas covering, to the proper clerk or to the board of election commissioners, as the case may be, who shall carefully preserve the ballots for 2 months, and at the expiration of that time the clerk shall remove the same from original package and shall destroy the same, together with all reserve and unused ballots: Provided, if any contest of election is pending at such time in which such ballots may be required as evidence, and such clerk or board as the case may be has notice thereof the same shall not be destroyed until after such contest is finally determined."

Plaintiff contends that Max Cockrum, despite the expiration of his term of office and the qualification of his successor, continued as the "custodian of any ballots involved in the contest" as provided in section 23–20 and

notice to Cockrum is a sufficient compliance with the statute. He argues further that delivery of the ballots to his successor would serve to cast doubt on their proper preservation pending the determination of the contest.

■ In Flake v. Pretzel, 381 Ill 498, 46 NE2d 375, the Supreme Court said at page 501:

> "It has long been established that the right to contest the election of an individual to an office is not a common-law right but exists solely by statute in Illinois, and the action is neither at law nor in equity, although the proceeding is governed by rules of chancery practice after the petition is filed. (Hulse v. Nash, 332 Ill 500; Olson v. Scully, 296 id. 418; Clarke v. Bettenhausen, id. 373; Quartier v. Dowiat, 219 Ill 326; Douglas v. Hutchinson, 183 id. 323.) It has accordingly been held that it is immaterial whether a proceeding to contest an election is docketed as a cause at law or in equity. (Quartier v. Dowiat, supra.) Since the right to contest an election is purely statutory, the procedure prescribed by statute must be strictly followed. (Girhard v. Yost, 344 Ill 483.) For example, the requirement that the person desiring to contest an election shall file a statement, verified by affidavit, is jurisdictional, and if the statement is not sworn to the court has no jurisdiction of the cause. (Armstrong v. Wilkinson, 346 Ill 322; Daugherty v. Carnine, 261 id. 366.) The statutory provisions governing election contests must be followed and complied with not only by the parties but also by the courts. (People ex rel. McLaren v. DeBoice, 377 Ill 634.) The jurisdiction, mode of trial and the entire contest are statutory and, therefore, beyond the judicial power. (Bowen v. Russell, 272 Ill 313.) Indeed, a contest cannot be brought in any court unless the statute so provides. (Douglas v. Hutchinson,

supra; Linegar v. Rittenhouse, 94 Ill 208.) It follows, necessarily, that the jurisdiction of courts over election contests must be exercised only in accordance with the statute. (Graves v. Needham, 379 Ill 25; Daugherty v. Carnine, supra.) As has been pertinently observed, 'The right to contest an election exists only by virtue of constitutional or statutory provision and when conferred the proceeding must be conducted in or before the body or court which is designated.' (Kohout v. Rench, 340 Ill 470.)"

(See also Doelling v. Board of Education, 17 Ill2d 145, 146, 160 NE2d 801).

■ Sections 92 and 94 of the Township Organization Act (c 139, §§ 92, 94, Ill Rev Stats) provide for the delivery by a Town Clerk whose term has expired, to his successor, of "all the books and papers under his control, belonging to such office." In our opinion, this required delivery of the ballots and tally sheets in Cockrum's possession, and the statute required that notice be given Richey.

■ Because of plaintiff's failure to comply with the statute, the trial court erred in denying defendant's motion to dismiss the petition, and the judgment is, therefore, reversed.

Judgment reversed.

MORAN and EBERSPACHER, JJ., concur.